```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION

CRISPIN SAAVEDRA, et al.,       §
                                §
          Plaintiffs,            §
                                §
VS.                              §   CIVIL ACTION H-10-0856
                                §
JAMES E. RICHARDS, JR. AND      §
LAURA RICHARDS,                  §
                                §
          Defendants.            §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause are Plaintiffs Crispin Saavedra, *et al.*'s demand for jury trial (instrument #71) and Defendants Laura Richards and James E. Richard, Jr.'s motion to strike that jury demand (#72) as untimely.

Plaintiffs' bare-bones demand for a jury trial, filed on March 30, 2011 more than a year after removal of this action from state court on March 16, 2010, does not provide any explanation for their delay in making such a request.

Defendants' motion to strike the demand, filed on April 6, 2011, objects that the demand is untimely because it was not made within ten days of removal, as required by Federal Rule of Civil Procedure 81(c)(3), and it was made outside the period permitted by the scheduling order.  Trial is currently set on May 12, 2011.

-1-

In response, Plaintiffs state that Defendants were allowed to amend their pleadings recently, with Plaintiffs' agreement, but Plaintiff objected to Defendants' request to add a counterclaim. Under Federal Rule of Civil Procedure 38(b) an amended or supplemental pleading that raises a new issue enables a party to request a jury demand "no later than 10 days after the last pleading directed to the issue" is made.

The Court notes that Judge Stacy has since granted Defendants' unopposed motion for leave to amend their answer, but denied it as to the new counterclaim. #76. The amendment to the answer sought only to deny Plaintiffs' contention that Defendants' Washington state lawsuit against them was a retaliatory suit. Plaintiffs assert that they filed their demand within 14 days of Defendants' last filed pleading.

The Court does not consider the amended answer a last filed pleading introducing a new issue for the first time, as required for purposes of a jury demand under Federal Rule of Civil Procedure 38(b). *Unidev, LLC v. Housing Authority of New Orleans*, 250 F.R.D. 268, 27` (E.D. La. 2008)("A complaint 'raises an issue' only once in Rule 38's meaning when it introduces it for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial."), *cited for that proposition by North Cypress Med. Center Operating Co. v. CIGNA Healthcare*, Civ. A. No. 4:09-2556, 2011 WL 819490, *20 (S.D. Tex. Mar. 2, 2011).

Federal Rule of Civil Procedure 39, even when not expressly invoked by a party, allows the Court in its wide discretion to grant an untimely demand for jury trial. Under Rule 39, the Court should relieve a party from waiver of a jury trial in the absence of strong and compelling reasons to the contrary. *Target Strike, Inc. v. Marston & Marston, Inc.*, No. SA-10-cv-0188-OLG NN, 2010 WL 4813802, *2 & nn. 27-29 (W.D. Tex. Nov. 17, 2010), *citing Daniel Int'l Corp. v. Fishbach & More*, 916 F.2d 1061, 1064 (5th Cir. 1990). Factors for the court to consider in deciding whether to grant an untimely jury demand include (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would disrupt the schedule of the court or the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Id., citing id.*

Here the central issue, what was the oral agreement for Plaintiffs' work on Defendants' retirement home in Washington State, will rest on the credibility of the witnesses, a matter clearly within the province of the jury. This Court can accommodate either a bench trial or a jury trial without disruption of its schedule. Neither side has claimed that a jury trial would prejudice its presentation of its case. While there is no express explanation for Plaintiffs' delay in requesting a jury, a threshold issue since the commencement of this action was whether the

Washington state action constituted *res judicata* barring this suit; the Court only recently resolved that issue, concluding that the Richards' Washington State suit was never properly served on Plaintiffs' here.  Opinion and Order of March 3, 2011, #54.

In sum, the Court finds no persuasive reason for not granting Plaintiffs' request for a jury trial.  Accordingly, the Court

ORDERS that Defendants' motion to strike the jury demand (#72) is DENIED and Plaintiffs' request for a jury trial (#71) is GRANTED.

**SIGNED** at Houston, Texas, this  6th  day of  May , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE