IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CRISPIN SAAVEDRA, et al.,          §
                                   §
             Plaintiffs,           §
                                   §
VS.                                §   CIVIL ACTION H-10-0856
                                   §
JAMES E. RICHARDS, JR. AND         §
LAURA RICHARDS,                    §
                                   §
             Defendants.           §

<u>**OPINION AND ORDER**</u>

Pending before the Court in the above referenced action for regular and overtime wages under the Fair Labor Standards Act of 1938 {the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, breach of oral contract, and *quantum meruit*, is prevailing Plaintiffs Crispin Saavedra, Bulfrano Castillejos, Aaron Rivera and Jaime Montoya's opposed motion for attorney fees (instrument #111), pursuant to 29 U.S.C. § 216(b)("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant.") and Federal Rule of Civil Procedure 54(d)(2).[1]

---

[1] "A party is a 'prevailing party' for the purpose of an attorney's fee award if the party 'succeeded on any significant claim affording it some of the relief sought.'" *Riddle*, 2011 WL 1103033, *5, *quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989).

Plaintiffs prevailed on their claims under FLSA and breach of oral contract for wages and overtime compensation, but not on

**Defendant Laura Richard**

As a threshold matter, the Court addresses the liability of Defendant Laura Richard for Plaintiffs' claims.

"Where the case is tried before a jury, a motion for judgment as a matter of law constitutes a challenge to the legal sufficiency of the jury's verdict. We will uphold the jury's verdict unless 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *College Network, Inc. v. Moore Educational Publishers, Inc.*, 378 Fed. Appx. 403, 406–07 (5th Cir. May 12, 2010), *citing Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997), and Fed. R. Civ. P. 50(a)(1). In what used to be called a "judgment not withstanding the verdict" or "directed verdict," Federal Rule of Civil Procedure 50(b), addressing a judgment as a matter of law ("JMOL") after a jury trial, "allows the court to reserve the decision of this question of law until after the case has been submitted to the jury and the jurors have reached a verdict or are unable to agree. If the court decides that the initial motion for judgment as a matter of law [made by a

---

unpaid damages for their breach of contract claim for lodging. Furthermore, under Texas law, *quantum meruit* "is an equitable remedy which does not arise out of a contract but is independent of it." *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W. 2d 942, 944 (Tex. 1990); *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 462 (5th Cir. 2003). Thus a plaintiff may recover under a *quantum meruit* theory only when there is no express contract covering the services or materials furnished." *Vortt*, 787 S.W. 2d at 944. Here the jury found there was a valid oral contract, so the *quantum meruit* cause of action is not available to them and thus Plaintiffs have not prevailed on it.

defendant during trial and after the close of evidence] should have been granted, it may set aside the verdict of the jury and enter judgment as matter of law." 9B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* 3d § 2521 at 221 (3d ed. 2008). It gives the court "a last chance to order the judgment that the law requires," but the JMOL may only be based on grounds raised in the earlier motion. *Id.* at 221-22, 225-26. Just as a defendant's renewed motion for judgment as a matter of law after a verdict can only assert grounds that were urged in its earlier motion, "these same limitations to Rule 50 apply to a district court acting *sua sponte*" under Rule 50(b). *Curry v. Ensco Offshore Co.*, 54 Fed. Appx. 407 (5th Cir. Oct. 30, 2002). The district court may not weigh the parties' evidence, disregard reasonable inferences that must be drawn from that evidence by the jury, nor evaluate the credibility of witnesses. 9B Wright and Miller, *Federal Practice and Procedure: Civil* 3d § 2524 at 270, 285. The district court must view the evidence most favorably to the nonmovant and give that party the benefit of all reasonable inferences drawn from the evidence. *Id.* at 298, 306, 338. Nevertheless the court "should not rely on the jury's findings but must make an independent assessment of the sufficiency of the nonmovant's evidence." *Id.* at 338-39, 363. Under the applicable "reasonable person" test, a JMOL may not be granted unless "there is no legally sufficient evidentiary basis for a reasonable jury to

find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995).   Here Defendants moved for a JMOL mid-trial and at the close of evidence, *inter alia* arguing that Laura Richard was not liable on the claims in this action.   Thus, because the Court finds that there was no evidence supporting any involvement in and thus liability of Laura Richards for any of Plaintiffs' claims, the Court grants a JMOL as to the claims against her.

### Relevant Law *re* Fee Award

A fee award is mandatory for prevailing plaintiffs in FLSA cases.   *Riddle v. Tex-Fin, Inc.*, Civ. A. No. H-08-3121, 2011 WL 1103033, *5 (S.D. Tex. Mar. 22, 2011).

The Fifth Circuit applies the lodestar method (multiplying the number of hours reasonably spent on the case by an appropriate hourly rate for such work) to determine a fee award under the FLSA. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).   "'The most critical factor in determining an attorney's fee award is the 'degree of success obtained.''" *Id.,* citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003), *quoting Hensley v. Eckhart*, 461 U.S. 424, 436 (1983). Although the statute does not refer to a "prevailing party," the Fifth Circuit typically looks to the prevailing party fee-shifting jurisprudence for guidance in cases under the FLSA.   *Id.* at 799, n.7, *citing Tyler v. Union Co. of Calif.*, 304 F.3d 379, 404 (5th Cir, 2002).   Plaintiffs moving for a fee award bear the "burden of

showing the reasonableness of the hours billed, including that they exercised billing judgment." *Id., citing Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002). See also *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)(party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by documentation and time records of the hours reasonably expended and proving the exercise of billing judgment). The plaintiffs must also provide evidence of the attorney's qualifications and skills. *Hensley*, 461 U.S. at 437.

To demonstrate billing judgment, the party moving for a fee award must document the hours charged and the hours written off as unproductive, excessive or redundant. 448 F.3d at 799, *citing Walker,* 313 F.3d at 251, *and Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). If the movant fails to demonstrate billing judgment, the court should not deny fees, but should reduce the award by a percentage to substitute for the exercise of billing judgment and eliminate hours that were not reasonably expended. *Id., citing Walker,*, 313 F.3d at 251; *Gulf Production Co., Inc. v. Hoover Oilfield Supply, Inc.*, Civ. A. No. 08-5016 *et al.*, 2011 WL 5299620, *2 (E.D. La. Nov. 3, 2011). *See, e.g., Walker v. U.S. Dept. of HUD,* 99 F.3d 761 (5th Cir. 1996)(reducing fee award by 15% for lack of billing judgment); *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir, 1987)(13% reduction); *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d

169, 181-82 (5th Cir. 2007)(affirming 12.5% reduction); *Champion v. ADT Security Services*, No. 2:08-CV-417-TJW, 2010 WL 4736908, *6 (E.D. Tex. Nov. 16, 2010)(where plaintiffs failed to produce evidence of billing judgment, court reduced lodestar by 5%); *Coe v. Chesapeake Exploration, LLC*, 2011 WL 4356728, *3 (Sept. 15, 2011)(same).

The lodestar amount is strongly presumed to be reasonable. *Saizan*, 448 F.3d at 800. Once calculated, the lodestar number may be reduced or enhanced by the applying the relative weights of the twelve factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974):

> (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Saizan*, 448 F.3d at 800. Of the *Johnson* factors, the most important are the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel. *Id.* Nevertheless if the calculation of the lodestar already took a factor into account, it may not be used to adjust the lodestar as that would constitute

-6-

double counting. *Id., citing Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998). Four of the *Johnson* factors are presumably included in the lodestar calculation: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained from the litigation. *Blum v. Stenson*, 465 U.S. 886, 898-99 (1984); *Shipes v. Trinity Indust.*, 987 F.2d 311, 310 (5th Cir. 1993). "Although upward adjustments of the lodestar figure based on these factors are still permissible, such modifications are proper only in certain rare and exceptional cases supported by specific evidence on the record and detailed findings by the lower courts. *Id.* Preclusion of other employment is also generally subsumed in the lodestar calculation. *Shipes*, 987 F.2d at 321-22.

Although counsel state that they took this case on a contingency basis, the contingent nature of the case cannot serve as a reason to enhance an attorney's fee. *Prater v. Commerce Equities Management Co., Inc.*, Civ. A. No. H-07-2349, 2008 WL 5140045, *8 (S.D. Tex. Dec. 8, 2008), *citing City of Burlington v. Dague*, 505 U.S. 557, 567 (1992), and *Shipes*, 987 F.2d at 313.

A reasonable hourly rate is the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community. *Riddle*, 2011 WL 1103033, at *6, *citing Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The movant bears the burden of establishing the market rate and

presenting evidence that allows the court to determine the reasonableness of the proposed rate. *Id., citing Riley City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).[2] An attorney shall, in addition to his affidavit, submit sufficient evidence that the requested rates are similar "'to those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Id., quoting Deltatech Constr., LLC v. Sherwin-Williams Co.*, No. Civ. A. 04-2890, 2005 WL 3542906, *3 (E.D. La. Nov. 3, 2005), *quoting Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

Counsel are entitled to an award of reasonable fees for preparing a fee application. *Prater*, 2008 WL 5140045, *7. Such applications normally do not involve novel or complex legal issues. *Id.*

"Compensable hours, reasonably spent are determined from the attorney's time records." *In re Enron Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 755 (S.D. Tex. 2008), *citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Courts generally require the movant "to provide contemporaneous time or billing records or other documentation which the district court must examine and

---

[2] The fee applicant may use evidence of fees from a variety of sources, including what fee the attorney has received in the past or affidavits from other area attorneys. *Callis v. Shelette's Home for Adults, Inc.*, 2011 WL 4836224, *2 (E.D. Va. Oct, 12, 20011), *citing Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 290 (4th Cir. 2010), and *Daly v. Hill*, 790 F.2d 1071, 1080 (4th Cir. 1986).

discern which hours are compensable and which are not." *Id.,
citing Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324
(5th Cir.), *cert. denied*, 516 U.S. 862 (1995). Even if the movant
fails to provide contemporaneous billing statements, a fee award is
not precluded "as long as the evidence produced is adequate to
determine reasonable hours.'" *Gagnon v. United Technisource, Inc.*,
607 F.3d 1036, 1044 (5th Cir. 2010), *citing Louisiana Power*, 50 F.3d
at 325. Plaintiffs here have submitted an Attorney Time and
Expense Log (Ex. A to #111), i.e., four pages summarizing portions
of the business records of the firm made at or near the time or
reasonably soon after the time of the services or expenses, and
supporting affidavits from Wylie (Ex. C) Romero (Ex. D).

Excessive, redundant and unnecessary hours must be excluded
from the lodestar calculation. *Id.* Plaintiffs bear the burden of
demonstrating that the hours claimed were reasonably spent. *Id.*
The court in its discretion may also deduct a reasonable percentage
of claimed hours "'as a practical means of trimming the fat from
the application.'" *Riddle*, 2011 WL 1103033, at *7, *quoting Kirsch
v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

"'If more than one attorney is involved, the possibility of
duplication of effort along with the proper utilization of time
should be scrutinized. The time of two or three lawyers in a
courtroom or conference when one would do may be obviously
discounted.'" *Abrams v. Baylor College of Medicine*, 805 F.3d 528,

535 (5th Cir. 1986), *quoting Johnson*, 488 F.2d at 717.

"[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).  For paralegal fees the court should ask if the "'work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder.'" *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999), *citing People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1315 (7th Cir. 1996).  Fees can only be recovered for paralegal services to the degree that "the paralegal performs work traditionally done by an attorney." *Champion v. ADT*, 2010 WL 4736908, at *6, *citing Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982).  As for awards in similar cases, counsel cite three opinions, but provide no facts or discussion as to how they are similar to the instant action.

"Given the nature of claims under the FLSA, it is not uncommon that attorney's fee requests will exceed the amount of judgment in the case." *Howe v. Hoffman-Curtis Partners Ltd.*, 215 Fed. Appx. 341, 342 (5th Cir. 2007).  If success is limited, the court may reduce the lodestar, but the fee award need not be precisely proportional to the damages. *Saizan*, 448 F.3d at 802-03 & n.42. As the Supreme Court opined in *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986),

-10-

A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts.  This is totally inconsistent with Congress' purpose in enacting § 1988.  Congress recognized that private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights.  In order to ensure that lawyers would be willing to represent persons with legitimate civil right grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case.

**Plaintiffs' Memorandum in Support of Motion for Fees (#111)**

The procedural history of this case began on November 13, 2009, when Plaintiffs' counsel sent Defendants a demand letter. Although Defendant Laura Richards answered with a letter stating that Defendants would respond after consulting with an attorney, Defendants instead filed a lawsuit in the District Court of Whatcom County, Washington, Cause No. CV09-2004 ("the Washington suit"), which Plaintiffs claim was a retaliatory action.  On December 10, 2009, Plaintiffs filed the instant suit in the 129th District Court of Harris County, Texas and served Defendants on December 21, 2009. Defendants filed an answer and a special appearance, a plea to the subject matter jurisdiction, a plea in abatement, and a motion to transfer venue, all of which Plaintiffs' counsel had to address. Plaintiffs' counsel also filed a motion for partial summary judgment.  Plaintiffs amended their complaint on January 28, 2010, asserting claims under the FLSA for the first time, and Defendants removed the suit to this Court on March 16, 2010.  The docket sheet reflects the subsequent activity in the case in this Court,

including the dispute over the default judgment against Plaintiffs here entered in the Washington suit, which this Court ultimately nullified because there was insufficient service of process of the suit on Plaintiffs here and thus no personal jurisdiction over them in Washington State (#54).

Plaintiffs submit a printout (Exh. A) identifying the hourly rates and listing the number of hours expended by the two attorneys of the firm Matthew G. Wylie, P.C., i.e., Matthew G. Wylie and Jorge Romero, in this case, supported by affidavits from each (Exs. C & D).  Wylie, the lead attorney and trial attorney, reports spending 89.9 hours and identifies his hourly rate as $195.00 per hour, while Romero requests fees for 183.8 hours at his hourly rate of $145.00.  They submit relevant pages of the State Bar of Texas Department of Research & Analysis 2009 Hourly Fact Sheet (Ex. B) to show that Wylie and Romero ask for less than the median hourly rate for Houston attorneys with 3-6 years of experience, $230 (Wylie had five years of experience at the time), and the median hourly rate for attorneys with two or less years of experience, $192.00 (Romero had two years of experience).  Using these figures, counsel propose an initial lodestar of $43,732.00.

Additionally counsel seek a multiplier of 1.25 to 1.50 of their calculated lodestar amount of $43,732.00.  They ask for an upward enhancement of the lodestar based on the novelty and difficulty of the questions presented, the skill required to

-12-

perform the legal services properly (knowledge of labor and employment law and construction law), preclusion of other employment because of acceptance of the case, the fact that counsel took the case on a contingency fee with the risk of not getting paid, and the undesirability of the case.

As for billing judgment, Wylie states that he reviewed and supervised Romero's work throughout this case, and that Wylie "charged minimal time to the case for numerous meetings, supervision and reviewing drafts of Mr. Romero." #111 at 14.  He does not specify which hours for what.  Counsel further state they have written off 1.5 hours for research on migrant labor housing standards since Plaintiffs did not prevail on their claims for breach of contract for lodging; half the four hours claimed for classes for admission/certification to federal court by counsel (stating that they had no other federal cases at the time or any reason to take the classes except for this case, i.e., 4 hours x 50% = 2 hours; small amounts for emails or other supervisory activities by Wylie.  Romero's presence at trial was necessary to prepare questions for cross-examination and re-direct of witnesses, and because Wylie does not speak Spanish, Romero, using his expertise as an attorney, was able to discuss legal and factual matters with the clients.

Finally counsel claim that they incurred expenses of over $2000.00 in filing fees, copying fees, interpreter fees, and

postage.  No objections have been filed to these costs, which are all compensable under 28 U.S.C. § 1920.

### Defendants' Objections (#112)

Defendants object to the amount of the fees sought by Plaintiffs' counsel as unfair and unreasonable.

Defendants argue that Plaintiffs' counsel have failed to provide sufficient evidence of exercising billing judgment, which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002).  Indeed they do not submit billing records to verify time or expenses incurred in this case, nor backup time slips or other records to document the time expended in this litigation.  Defendants also object to counsel charging even half the cost for attending the ECF class and a mandatory attorney admission class for admission to the Southern District of Texas.  These charges are unreasonable and reflect disregard for exercise of billing judgment.  Defendants further complain that the amount of the requested fees (six times the amount of actual damages) is excessive in view of the limited recovery in damages.  Defendants point out that no depositions were taken in this case, there was no consultation with an employment lawyer for guidance, no experts were consulted or retained, there were no interrogatories, and no federal discovery, all demonstrating excessive hours and a general lack of knowledge of

-14-

federal court practice, federal rules, and the basic elements of a FLSA claim.  Defendants should not have to pay for Plaintiffs' attorney's's learning experience.  Thus the lodestar should be reduced.  Moreover Plaintiffs used two attorneys when one should have been sufficient for this not-complex case.  Defendants submit an affidavit from their trial counsel, Allan A. Cease (Ex. 2) in support of their claim that the hours claimed were excessive and the hourly rates too high and that the maximum award should be in the range of $8,500.00-$10,500.00.

Cease objects to some specific charges.  For example, he asserts that Romero's 183.8-hour claim is excessive, unjustifiable, and "indicates a lack of knowledge and unreasonable amounts of time to complete tasks."  Cease points to Plaintiffs' counsel's claim for 10.5 hours to research some summary judgment issues, followed by a claim for 32.5 hours to prepare a motion for summary judgment; Cease maintains that the task should not have exceeded 2.5 hours and 8.5 hours, respectively.  Another example is the 5.2 hours recorded to prepare for a Rule 26(f) conference, which should not have taken more than 1.5 to 2.0 hours.  Cease complains that no credit should have been given for the Washington State case, but counsel have billed for four hours.  They also record eight hours to prepare a Joint Pretrial Order that should only have taken 1.5 to 2.5 hours on the outside.  The entry of 3.5 hours for the "form" motion in limine was excessive by three hours.  Counsel's entry for

preparing Plaintiffs' response to a motion for summary judgment, recorded as 27.8 hours, should only have taken three or four hours, according to Cease.

### Court's Decision

With regard to the *Johnson* factors in determining a reasonable lodestar, the Court finds that this case did not involve any novel or difficult question of law and thus no enhancement is warranted based on the first factor.  The Court disagrees with Plaintiffs that the issue of whether Plaintiffs were employers or independent contractors is novel or difficult.  The Court does agree that the Washington State default judgment and its possible *res judicata* effect did cause counsel extra work, but that should have been adequately compensated for in a reasonable lodestar calculation. The Court also denies an upward adjustment on the basis that the case required a greater level of legal skill.  Counsel's fee motion urges that they "spent extensive time researching case law relation to the FLSA" and that "the presentation of the case required knowledge of labor and employment law," warranting an upward adjustment of the lodestar.  #111 at 8.  At the same time they state they "were able to present Plaintiffs' counsel in an intelligible manner using their experience in construction law and in employment law."  *Id.* at 12.  If they held themselves out as knowledgeable in these areas, their hourly fee should encompass those skills and an enhancement is not warranted; if they lacked

the skills and knowledge needed for this case, their hourly fee should be lower.

Nor is the Court persuaded that there were special time constraints on Plaintiffs' counsel caused by this case nor preclusion of other employment sufficient to justify an upward adjustment. Furthermore Wylie's assertion of such time constraints is purely conclusory, with no specific facts and no supporting evidence to demonstrate its plausibility. As noted *supra*, the fact that counsel took this case on contingency will not support an enhancement. *Dague*, 505 U.S. at 567; *Shipes*, 987 F.2d at 313.

The Court also does not find that an upward adjustment is appropriate for "undesirability" on the grounds that Defendant James E. Richard is a Justice of the Peace in Precinct 4 of Fort Bend County, Texas. Counsel's claim that they "are now effectively precluded from taking cases in Precinct 4 of Fort Bend County" is hyperbolic. Counsel concede that in their firm's five years of existence, the firm had tried only one case in Judge Richards' court. Moreover, not only is Defendant an officer of the court sworn to uphold his duties, but the fact that judicial proceedings are open to the public serves to protect counsel in possible future litigation there, not to mention that possible retaliation by Judge Richard is purely speculative.

Counsel have represented Plaintiffs only in this action, so the last *Johnson* factor does not support an upward adjustment.

-17-

In sum, the Court finds that there is no basis in the *Johnson* factors for an upward adjustment here.

Furthermore, the Court agrees with Defendants, based on its review of the fee request and from its personal experience in presiding over this litigation in federal court, that the proposed lodestar is clearly excessive and unreasonable. *Blum v. Stenson*, 465 U.S. 886, 899 (1984)(the district court that tries a case is in the best position to determine the quality of the representation); *Hensley*, 461 U.S. at 437 (the district court's discretion in determining the fee amount "is appropriate in view of the district court's superior understanding of the litigation"). This case was not complicated. As noted by Defendants, no depositions and no expert witnesses were involved.

A primary deficiency is the insufficient evidence of billing judgment by Plaintiffs' counsel. The Attorney Time and Expense Log reflects seven times when Wylie wrote off a mere .1 hour for email, for a total of .7 of an hour, hardly an example of responsible billing judgment in view of the 89.9 hours he wants included in his lodestar. The only other write-offs by Wylie indicated in the log are 1.5 hours for "research on migrant worker employer-providing housing standards," which related to a claim on which Plaintiffs did not prevail, .25 of an hour for the ECF class (with .25 of an hour charged against Defendants), and one hour for the federal court admission class (with another hour charged against

Defendants).  The Court agrees with Defendants that fees should not be charged against Defendants for classes on ECF and for admission into the federal bar for the Southern District of Texas for either Wylie or Romero, who, despite the alleged 183.8 hours he expended on the case, also claimed as his only write-off .5 of an hour for ECF certification (with another .5 of an hour charged against Defendants).  Despite the fact that two attorneys represented Plaintiffs, with Wylie admittedly supervising and reviewing the work of the less experienced Romero, there is no billing judgment indication of duplicative time.  Defendants furthermore should not be paying counsel's standard fees for mentoring an attorney learning on the job. Romero's role as interpreter of Plaintiffs' Spanish for Wylie should not be accorded attorney's fees; expenses for an interpreter are recoverable under 28 U.S.C. § 1920. Moreover no mention is made as to which claimed hours were devoted to the *quantum meruit* claim that Plaintiffs brought.  Furthermore there are a few unexplained fee notations for clerical skill activities such as filing and "Fed-Exing."

Moreover, the fees for ECF training and admission to the bar of the Southern District of Texas, indicating that counsel have not practiced in federal court even though they claim experience in employment law and took on this case brought under the FLSA, are only one factor that leads the Court to find they are not qualified for their requested hourly rate.  That Wylie seeks two hours of

fees for research on FLSA and 2.7 hours for reviewing the notice of removal and law related to removal, without further explanation other than his assertion that the FLSA statute "is by no means an easy and uncomplicated body of legislation," seems unwarranted for a lawyer with five years of experience in employment and construction law.

Where documentation is vague or redacted to the point that the party seeking an award of fees fails to satisfy its burden of proving that the work performed was related to the case and the time billed for such work was reasonable and necessary, the district court should reduce the award accordingly. *Hensley*, 461 U.S. at 433. Many of the entries fail to identify the specific issues being researched or matters addressed, such as those for working on the summary judgment, so the court cannot determine whether the time was reasonably expended on this litigation. The Court agrees with Defendants that the number of hours expended on the motion for summary judgment by Romero with some input by Wylie (see entries on 1/12/10, 1/13/10, 1/19/10, 1/21/10, 1/26/10, 1/27/10, two on 1/28/10 for Romero and Wylie, 3/21/10, 3/23/10 and 4/9/100), totaling more than 34 hours, was clearly excessive. So was the unrestrained flurry of motions filed because of it. A reasonable attorney would be able easily to determine that most of the issues between Plaintiffs and Defendants were not amenable to summary judgment and would have avoided these unnecessary filings.

-20-

Furthermore, while the Court is aware that in cases under the FLSA a fee award is often far more than the amount of damages and that there is no *per se* proportionality rule, nevertheless a gross disparity is a consideration. *Saizan*, 448 F.3d at 802; *Howe v. Hoffman-Curtis Partners, Ltd., LLP*, 215 Fed. Appx. 341. 342 (Jan. 30, 2007)("Given the nature of claims under the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples.")(and cases cited therein). "[W]hile a low damages award is one factor which a district court may consider in setting the amount of attorney's fees, this factor alone should not lead the district court to reduce a fee award." *Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000), *citing City of Riverside v. Rivera*, 477 U.S. 561 (1986), and *Cobb v. Miller*, 818 F.2s 1227, 1235 (5th Cir. 1987). Here, however, other factors weigh heavily into the determination that the requested lodestar is inflated and that a substantial reduction is reasonable and appropriate: lack of billing judgment, failure to document duplicative charges of two attorneys, entries for mentoring and training on the job, vague entries, excessive work on unnecessary tasks, etc.

In sum, after reviewing the record and the motion for fees, the Court finds that an award of approximately half the amount requested, i.e., $22,000.00, is a reasonable fee, plus $2000 for costs and expenses. *See generally Hopwood v. Tex.*, 236 F.3d 256,

279 (5th Cir. 2000)(approving 25% reduction based on inadequacy of time entries, duplicative work product, and lack of billing judgment).

Accordingly, for the reasons indicated above, the Court

ORDERS that Defendants' motion for judgment as a matter of law is GRANTED pursuant to Rule 50(b) as to all claims against Laura Richard.  The Court further

ORDERS that Plaintiffs' motion for attorney fees (#111) is GRANTED in part, as indicated in this Opinion and Order.

**SIGNED** at Houston, Texas, this _22[nd]_ day of _ March _, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE